IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| MICHIAL LYNN MOSES | § | |
| v. | § | CIVIL ACTION NO. 2:04cv212 |
| ALAN McCANDLESS | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Michial Lynn Moses, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights by Alan McCandless, the Sheriff of Camp County. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Moses says that while he and his wife Debra were in jail on federal charges, Sheriff McCandless came to Debra and told her that their land was going to be sold for back taxes the next day. According to Moses, McCandless offered to buy the land for $500.00. Moses says that he was not consulted about this, even though the land was community property; however, he acknowledges that he "signed the land over to her" while in jail.

The Magistrate Judge ordered the Defendant to answer, and motions for summary judgment were filed by the parties. Sheriff McCandless' motion for summary judgment says that in February or March of 2003, a real estate hobbyist named David Clemens saw a notice that land belonging to Debra Moses was going to be sold. Clemens learned that Debra Moses was in jail and he asked Sheriff McCandless if the sheriff had any information about the property.

Clemens went to the property and examined it. He found that it had been "trashed" and estimated that the land was worth about $500.00 over the amount of the back taxes due because of the amount of work that would be needed to prepare the property for resale.

McCandless told Clemens that Debra was in jail in Gilmer and that he, McCandless, was going to go see her about another matter. Clemens asked McCandless to convey an offer from him to Debra that he was interested in purchasing the land for $500.00. McCandless states that Clemens offered him no money for doing this and that he asked for none. Debra agreed to the offer and Clemens paid her $500.00. The real estate agent whom Clemens used for resale took the title to a title company for examination, and only Debra Moses' name, not Michial's, was on the title. In fact, Clemens' affidavit says that he has never seen Michial Moses' name on any contract, deed, title, bill of sale, or tax information about the property.

In his motion for summary judgment, Moses contends that Sheriff McCandless used his position as a government employee to visit Debra and act as an agent for Clemens. Moses states that he and Debra bought the land from Helen and Raymond Ford, and that both of them signed the contract; however, Moses says that he later signed paperwork to change the contract to reflect that it was only in his wife's name. He nonetheless denied giving up his community interest in the land. Moses said that he was attaching an affidavit from Debra to his motion for summary judgment, but there was no affidavit included.

After review of the pleadings, the Magistrate Judge issued a Report on October 11, 2005, recommending that the Defendant's motion for summary judgment be granted and that the lawsuit be dismissed. After reviewing the legal standards applicable to summary judgment cases, the Magistrate Judge reviewed the facts in the light most favorable to Moses. The undisputed facts, viewed in this light, show that Clemens went to McCandless and asked about the land, and McCandless said that he was going to see Debra on an unrelated matter and offered to convey Clemens' offer. McCandless did so, and Debra accepted this offer and gave McCandless instructions for Clemens as to how to pay her. Clemens submitted the payment and obtained a warranty deed to

the land, which was filed without clouded title. Moses had signed papers to put the property in his wife's name, and so his name did not appear in the chain of title.

The Magistrate Judge concluded that there was no evidence that either Clemens or McCandless had notice that Michial Moses had an interest in the land. In addition, Moses did not allege that Debra ever tried to contact him or consult him about the sale of the land.

The Magistrate Judge also concluded that there was no competent summary judgment evidence that McCandless threatened or coerced Debra to sell the property. Instead, the undisputed evidence was that McCandless simply told Debra that Clemens had asked him to convey to her his willingness to buy the land, and that it was up to her whether or not she wanted to sell it.

The Magistrate Judge stated that Moses failed to show that any action by McCandless deprived him of any right secured by the Constitution or laws of the United States. Instead, the Magistrate Judge stated, McCandless simply conveyed an offer to purchase land to the record owner of the property, who accepted this offer. As a result, the Magistrate Judge said, any deprivation of Moses' interest in the property was effected by Debra's acceptance of the offer, not any action of McCandless or Clemens. The Magistrate Judge also said that there was no competent summary judgment evidence that McCandless used coercion or threats, but that McCandless simply relayed an offer, which Debra accepted, and that McCandless did not violate Moses' procedural due process rights. The Magistrate Judge noted in this regard that the existence of available state post-deprivation remedies vitiated Moses' procedural due process claims.

The Magistrate Judge observed that the available state court remedies included, but were not limited to, a trespass to try title action, which arises solely under Texas state law. The Magistrate Judge also stated that Moses did not invoke and had no valid claims under the supplemental jurisdiction of the federal district court.

Finally, the Magistrate Judge reviewed Moses' request to file an amended complaint adding David Clemens as a Defendant. Moses argued in effect that Clemens was a state actor

because he was involved in a conspiracy with McCandless. The Magistrate Judge rejected this contention.

Moses filed objections to the Magistrate Judge's Report on November 9, 2005. In his objections, he says that he does not know why Debra's affidavit was not included, since he put it in the envelope with his motion, and he furnishes a copy of this affidavit. He also says that the order of sale, which he received in the Defendants' disclosure, listed the value of the property at $57,700.00 and the taxes owed at $7,042.21. He does not furnish a copy of this document.

Moses argues that Sheriff McCandless is not entitled to qualified immunity because the order of sale had already been served by the State, placing McCandless in a "fiduciary capacity" with respect to the land, and so if McCandless had anything to do with the property other than the scheduled tax sale, this was "fraud." He says that it is unreasonable to believe that Clemens or McCandless could believe that they could obtain property worth $57,700 for only $500.00 without using coercion. He also says that McCandless "abused his office" by intervening on one buyer's behalf, thus cutting out all other taxpayers, but fails to show that he has standing to raise such a claim.

Next, Moses challenges the Magistrate Judge's conclusion that because his name did not appear on any paperwork associated with the property, McCandless had no notice that the land was community property. He says that this is not true because McCandless had personal knowledge that Michial and Debra Moses were living together when the land was purchased and that any such purchase is community property under Texas law unless otherwise specified by "affidavit or deed of gifting." Thus, Moses concludes that McCandless knew that the property was community and that the sale of the land with only one spouse's signature was illegal, and that McCandless also knew that for him to do anything with the land other than hold a tax sale was an act of fraud. Finally, he says that coercing the sale of the land through deception was a misuse and abuse of the sheriff's office and a violation of Moses' constitutional right to his property.

The attached affidavit from Debra Moses reads, in its entirety, as follows:

In April 2003, Sheriff Alan McCandless came to me while I was incarcerated in Upshur County Jail in Gilmer, Texas. He stated that my land (15.07 acres on County Road 1250 - Camp County) was delinquent on taxes and was to be auctioned off the very next day. He told me that he had someone that was interested in buying the property, and I could either take their offer of $500.00, or end up with nothing when the auction proceeded.

Being in the situation that I was in at the time, I felt that I had no other choice but to accept the $500.00, or as he stated "end up with nothing."

He left that afternoon, and sent back the $500.00 in the form of two money orders via U.S. Mail.

In reviewing Moses' objections, the Court notes first that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). Debra Moses' affidavit was not presented to the district court or to the Defendants prior to the Plaintiff's objections to the Report of the Magistrate Judge. For this reason, this affidavit is not properly before the Court.

Even were it before the Court, however, Debra Moses' affidavit does not contradict anything in the Magistrate Judge's Report. This affidavit does not allege that she was threatened or coerced by Sheriff McCandless; she simply says that the sheriff told her that if her property were auctioned off, she could end up with nothing (for example, if the selling price at auction were less than the amount of taxes due). In addition, Debra refers to "my land" and makes clear that she did not consult with Michial before making the decision to sell the property.

Moses' contention that Sheriff McCandless had some sort of duty to sell the property at auction, prohibiting him from conveying an offer to purchase the property, is without merit. As noted above, Moses has no standing to assert the rights of other persons who might have bought the property but did not.

Moses also argues that Sheriff McCandless "must have had notice" that the property was community because McCandless knew that Michial and Debra were living together when the property was purchased. The mere fact of cohabitation at the time of acquisition does not necessarily

5

make property community. In addition, McCandless simply conveyed the offer to the record owner of the property; he was not responsible for ensuring that Debra consulted with Moses about the sale of the land. Moses asserts that neither Clemens nor McCandless knew of the change in paperwork to reflect only Debra's name, but overlooks the fact that because Debra was the sole record owner of the property, the tax sale information would have shown her and only her as the owner. Thus, as accurately stated by the Magistrate Judge, neither McCandless nor Clemens reasonably could have had notice that Moses had any interest in the property.[1] Moses' objections are without merit.

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the Plaintiff's original complaint, proposed amended complaint, and motion for summary judgment, the Defendant's motion for summary judgment, and the Defendant's response to the Plaintiff's motion for summary judgment, as well as the competent summary judgment evidence properly before the Court. Upon such *de novo* review, the Court has concluded that there are no disputed issues of fact which appear in the competent summary judgment evidence, and that the Defendant is entitled to judgment as a matter of law. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendant's motion for summary judgment is hereby GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice as to all claims brought under federal law, but without prejudice as to any state-law claims which the plaintiff may raise in the courts of the State of Texas. It is further

ORDERED that the Plaintiff's motion for leave to file an amended complaint naming David Clemens as a party in this lawsuit is DENIED. It is further

ORDERED that the Court declines to exercise supplemental jurisdiction and that the statute of limitations on any state law claims which Moses may have, including but not limited to

---

[1] As noted in Clemens' affidavit, Michial Moses' name appears on no documents anywhere in the chain of title.

claims regarding the title to the land through a trespass to try title action, shall be and hereby is TOLLED from the date that this lawsuit was originally filed, June 8, 2004, until thirty days after the date of entry of final judgment in this case.  28 U.S.C. §1367(d).  Finally, it is

ORDERED that any and all motions which may be pending in this cause, including the Plaintiff's motion for summary judgment, are hereby DENIED.

SIGNED this 28th day of March, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE